442 So.2d 1058 (1983)
Robert Clark WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. AR-386.
District Court of Appeal of Florida, First District.
December 16, 1983.
Gwendolyn Spivey, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Wright appeals his conviction for possession of a weapon by a State prisoner. Appellant argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove that appellant was not authorized to possess the alleged weapon, a screwdriver, and because there was no evidence that the screwdriver was a weapon. We agree and reverse.
Wright is an inmate at Union Correctional Institution (UCI). His job assignment at UCI was checking manholes for the plumbing shop, and he was allowed to go anywhere inside the institution because of this job. As a part of his job, Wright was *1059 assigned a screwdriver which he used to lift the manhole covers.
On June 4, 1982, Officer Anderson was escorting inmate Willie Anglin to an office for questioning. As they were passing the visiting park fence, an unrelated incident occurred between Anglin and another inmate, Smith, who assaulted Anglin and began to pursue him. Correctional officers subdued Smith, and Officer Walmsley stopped Anglin and began frisking him. At this point, appellant, who had been checking manhole covers in front of the visiting park, saw Walmsley searching Anglin. Appellant believed that Anglin was a "snitch" and that Anglin was telling Walmsley something about appellant. Appellant ran up to the pair and attempted to kick Anglin. Unfortunately, however, Walmsley was in between Anglin and appellant, and appellant's flying kick hit Officer Walmsley in the head. Walmsley fell and grabbed appellant's legs, and Anglin ran.
Appellant testified that he threw his screwdriver down on the ground as he ran toward Anglin. Officer Barber testified that he found the screwdriver after the incident at about ten feet from the site of the incident. Officer Tomlinson never saw the screwdriver in appellant's hands, but he testified that it was recovered after the incident from appellant's back pocket. Officer Kelly testified that appellant had the screwdriver in his hand when he hit Officer Walmsley, but that appellant let the screwdriver drop out of his hand and fall to the ground. Officer Anderson testified that appellant was holding a screwdriver at the time he kicked Walmsley. Inmate Anglin testified that appellant was holding the screwdriver as he approached. During the presentation of both the State's case and the defendant's case, evidence was adduced that appellant was authorized to carry a screwdriver as part of his job.
Appellant was initially charged with attempted first-degree murder, possession of a weapon by a State prisoner, and battery of a correctional officer. The murder charge was reduced to aggravated assault by the trial court at the close of the State's case. At the close of the State's case and at the close of all the evidence, appellant moved for a judgment of acquittal on the possession charge, arguing that the screwdriver was not a weapon and that the State failed to prove that the possession was without authorization. The motions were denied. On the aggravated assault charge, the jury found appellant guilty of the lesser included offense of assault. Appellant was also convicted of possession of a weapon by a State prisoner and battery of a correctional officer. Sentence was withheld on the assault and possession convictions, and appellant was sentenced to one year on the battery charge.
Section 944.47(1)(c), Florida Statutes (1981), states:
It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
One of the things declared to be contraband by Section 944.47 is a "weapon of any kind... ." Section 944.47(1)(a)5. Appellant argues that one of the elements of section 944.47(1)(c), which must be proven by the State, is that the contraband was not authorized by the officer in charge of the institution. Appellee argues that this exception is an affirmative defense and not an element which the State must prove.
The seminal case in Florida for determining whether an exception in a criminal statute is an element of proof or an affirmative defense is Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890). Under Baeumel, "if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is a matter of defense, and is to be shown by the other party." 7 So. at 372 (quoting from Bishop, 1 Crim.P. § 639). The exception *1060 contained in section 944.47(1)(c) is analogous to the exception contained in section 790.221(1), Florida Statutes (1977), which was found to be an exception contained in a subsequent clause. State v. Thompson, 390 So.2d 715 (Fla. 1980). See also State v. Hicks, 421 So.2d 510 (Fla. 1982), interpreting the burglary statute, where the court found that the word "unless," as used in section 810.02(1), was a qualifier to the primary sentence of the statute, separating the consent phrase from the enacting clause and making consent an affirmative defense to burglary. In Robarge v. State, 432 So.2d 669 (Fla. 5th DCA 1983), relied upon by appellant, the statute there construed clearly contains the exception within the enacting clause and is, therefore, distinguishable from the statute sub judice. Because there is no indication in section 944.47(1)(c) that the Legislature intended lack of the exception to be an element of the offense, we hold that authorization by the officer in charge of the correctional institution is an affirmative defense to a charge under section 944.47(1)(c).
Simply because the exception is an affirmative defense, however, does not mean that the ultimate burden of proof of the exception shifts to the defendant.[1] We think this exception should be treated like affirmative defenses such as insanity or entrapment. The defendant has the burden of going forward with evidence that the affirmative defense exists. Once the defendant has presented competent evidence of the existence of the defense, the burden of proof remains with the State, and the State must then prove the nonexistence of the defense beyond a reasonable doubt. In Holmes v. State, 374 So.2d 944 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), the court stated that where the evidence presents a reasonable doubt of an accused's sanity in the minds of the jurors, the presumption of sanity vanishes and the sanity of the accused must be proved by the prosecution beyond a reasonable doubt like any other element of the offense. In Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978), the court adopted the federal view of entrapment that the defendant has the burden of adducing evidence of entrapment. If the evidence of entrapment is sufficient, the jury must be instructed that the State has the burden of disproving entrapment beyond a reasonable doubt.
In the instant case, there was much evidence introduced that appellant was issued the screwdriver in question and that he was authorized to use it in his job of investigating manhole covers. Having thus raised the exception as a defense, the burden of the State was to prove beyond a reasonable doubt appellant's nonauthorization. The State, however, introduced no evidence from which it could be inferred that appellant was not authorized to possess the screwdriver. Therefore, the evidence failed to exclude every reasonable hypothesis of innocence, and the trial court erred in denying appellant's motion for a judgment of acquittal on this count.
Additionally, in the instant case the screwdriver was not a weapon. In Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980), relied upon by appellee, this court found that a lead pipe possessed by an inmate was a weapon. In Jones, however, there was much evidence from which the jury *1061 could infer that the intended use of the lead pipe was as a weapon. Jones explained his possession of the pipe by stating that he expected trouble. In the instant case, the only evidence that the screwdriver was a weapon was the evidence that the screwdriver was used by appellant as a weapon. The jury necessarily determined that appellant did not use the screwdriver as a weapon since the jury convicted him of simple assault rather than aggravated assault. Therefore, we hold that under the facts and circumstances of the instant case the State failed to prove that the screwdriver was a weapon, i.e., contraband under section 944.47.
Accordingly, appellant's conviction for possession of a weapon by a State prisoner is reversed.
MILLS and ZEHMER, JJ., concur.
NOTES
[1] On this subject, 29 Am.Jur.2d, Evidence, section 154 (1967) states at 186:

It is generally held that the prosecution in a criminal case need not negative, by proof in advance, an exception not contained in the enacting clause of a statute. According to most courts, however, when evidence appears which tends to bring the defendant within an exception not contained in the enacting clause, whether made by a distinct substantive clause or by a separate section or statute, the burden of proof is upon the prosecution, on the whole case, to overcome that evidence beyond a reasonable doubt. Other authority holds that under such circumstances the burden of proof is upon the defendant to establish the exceptive facts by a preponderance of the evidence, particularly where words occur in a defensive exception which indicate legislative intent to place the burden of proof upon the defendant.
(footnotes omitted). In the instant case, the language of the statute does not indicate a legislative intent to place the ultimate burden of proof upon the defendant.