468 So.2d 447 (1985)
MacArthur WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-425.
District Court of Appeal of Florida, First District.
May 7, 1985.
*448 Michael E. Allen, Public Defender, and Charlene V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Pursuant to motion for clarification filed by the state and motion for rehearing filed by appellant, we hereby withdraw our opinion filed March 12, 1985, and substitute the following. In all respects not discussed in the corrected opinion, these motions are denied.

CORRECTED OPINION
MacArthur Williams appeals a judgment and sentence for possession of a firearm by a convicted felon,[1] raising three issues, two of which merit discussion. Initially, Williams argues that because the state failed to prove the nonexistence of an affirmative defense, i.e., that the weapon he possessed was not a firearm, the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence. He further argues that the court erred in denying his motion in limine, which sought to exclude evidence of the nature of his prior felony conviction. We affirm.
The term "firearm," as used in section 790.23(1), Florida Statutes (1983), is defined as not including an "antique firearm." § 790.001(6), Fla. Stat. (1983).[2] Section 790.001(1), Florida Statutes (1983) states:
`[A]ntique firearm' means any firearm manufactured in or before 1918 (including any matchlock, flintlock, percussion cap, or similar early type of ignition system) or replica thereof, whether actually manufactured before or after the year 1918, and also any firearm using fixed ammunition manufactured in or before 1918, for which ammunition is no longer *449 manufactured in the United States and is not readily available in the ordinary channels of commercial trade.
(Emphasis supplied.)
During Williams' trial, the defense presented the testimony of David Warniment, a firearms examiner for the Florida Department of Law Enforcement qualified as an expert in firearms identification. Mr. Warniment opined on direct examination that within reasonable certainty the firearm carried by Williams was manufactured between 1886 and 1893. On cross-examination, however, Warniment was unable to state with certainty when the weapon was manufactured or whether the same type of weapon is manufactured today. He admitted the weapon could have been manufactured many years after it was patented and that the dates stamped on the barrel of the gun (March '83, September '84, May '86) were the dates of its patents  not of its manufacture. He further admitted that there were inconsistencies in the reference materials used to render his opinion. The state did not present any other evidence of the date of manufacture, but merely relied on its cross-examination of Warniment on this issue. At the close of evidence the defense moved for judgment of acquittal, arguing that it established an affirmative defense, i.e., that the weapon was an antique, which the state did not disprove beyond a reasonable doubt. The court denied the motion, commenting that the date of manufacture of the weapon was an issue of fact for jury resolution.
Williams correctly recognizes that proof that a firearm is an antique is an affirmative defense to, rather than an essential element of, the crime of possession of a firearm by a convicted felon. See Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890); State v. Robarge, 450 So.2d 855 (Fla. 1984); cf. State v. Thompson, 390 So.2d 715 (Fla. 1980). Williams argues, however, that he presented competent evidence, through the testimony of Mr. Warniment, that the gun he possessed is an antique weapon and that pursuant to Wright v. State, 442 So.2d 1058 (Fla. 1st DCA 1983), the lower court erred in denying his motion for judgment of acquittal because the state did not prove beyond a reasonable doubt the nonexistence of this affirmative defense.
In passing on a motion for judgment of acquittal, the proper test is to determine, first, whether the defendant produced competent evidence of an affirmative defense and, second, whether the state has carried its burden of contradicting that evidence to the extent that a jury issue is made. Only if the evidence taken as a whole leads the trial court to determine that the jury could conclude only that there is a reasonable doubt as to the defendant's guilt should a motion for judgment of acquittal be granted. Holmes v. State, 374 So.2d 944 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980); Jones v. State, 332 So.2d 615, 620 (Fla. 1976) (Sundberg, J., concurring). In the instant case this test was not met; hence, we hold that the court properly denied the motion for judgment of acquittal.
Mr. Warniment's expert testimony on direct examination constituted competent evidence and established a prima facie showing of appellant's affirmative defense. The state's cross-examination, however, impeached Mr. Warniment's testimony on direct and established that the weapon may well have been manufactured after 1918. At this point, the state had clearly created a disputed issue of material fact on appellant's affirmative defense. Once the state's cross-examination of Mr. Warniment cast a reasonable doubt as to the applicability of the affirmative defense, it was not necessary for the state to produce affirmative rebuttal evidence to bolster or corroborate that cross-examination testimony. The trial court did not err in submitting this disputed issue to the jury because the evidence taken as a whole was not such that the jury could have concluded only that the weapon was manufactured before 1918 and, thus, was an antique.
In Wright v. State, 442 So.2d 1058, relied on by appellant, this court reviewed a case in which the defendant was charged with *450 possession of a weapon by a state prisoner, i.e., a screwdriver, and he introduced a substantial amount of competent evidence to prove the affirmative defense that the screwdriver was not a contraband weapon because it had been given to him by prison officials and he was authorized to use it in his work at the prison. The state relied on evidence, some of it circumstantial, that Wright attempted to use the screwdriver as a weapon. The test for granting a motion for judgment of acquittal was clearly met in Wright because the defendant's evidence that he was given the screwdriver by prison officials to use in his work was not contradicted by the state.[3] Accordingly, the screwdriver could not be legally treated as a unauthorized weapon, and we properly reversed the trial court's denial of the motion for judgment of acquittal.
There is language in the Wright opinion to the effect that the state, in order to defeat a motion for judgment of acquittal based on an affirmative defense clearly established by competent evidence, must disprove the existence of the affirmative defense beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. This language goes somewhat beyond the minimal requirements set forth in Holmes v. State, 374 So.2d 944 (Fla. 1979), and Jones v. State, 332 So.2d 615 (Fla. 1976), but we do not consider this language essential to describe the minimal test laid down in those cases. In view of the rather conclusive nature of the defendant's unchallenged and unrebutted proof of the affirmative defense in Wright, the state did indeed have a duty in that case to come forward to present rebutting evidence, either direct or circumstantial, to overcome the defendant's proof and create a jury issue that Wright was not authorized to have possession of the screwdriver. We see no inconsistency, therefore, between our holding in Wright and our holding in this case.
The issue presented by appellant with respect to this affirmative defense is whether the evidence taken as a whole is sufficient to raise a jury issue on the defense and thereby support denial of appellant's motion for judgment of acquittal. We do not consider the question of proper jury instructions to be given in defining appellant's affirmative defense or defining the burden of proof with respect thereto because the instructions were not questioned on appeal.
The second issue meriting discussion is whether the trial court erred in holding that the state could introduce evidence of the nature of appellant's prior felony conviction in proving that he is a convicted felon. We affirm the trial court's ruling in reliance upon Harris v. State, 449 So.2d 892 (Fla. 1st DCA 1984), pet. for rev. dismissed, 453 So.2d 1364 (Fla. 1984). In Harris we thoroughly reviewed the several decisions discussing the prejudicial effect of proving the nature of collateral offenses and recognized that they are impossible to reconcile with any degree of consistency. Accordingly, as in Harris, we certify the following as a question of great public importance:
WHETHER, IN A PROSECUTION FOR UNLAWFUL POSSESSION OF A FIREARM BY A CONVICTED FELON UNDER SECTION 790.23, FLORIDA STATUTES, THE ADMISSION INTO EVIDENCE OF MORE THAN ONE PRIOR FELONY CONVICTION AND THE PARTICULARS OF EACH SUCH CRIME (NONE BEING RELATED TO THE OFFENSE CHARGED), FOR THE PURPOSE OF PROVING THAT THE DEFENDANT WAS A CONVICTED FELON, IS SO PREJUDICIAL TO THE DEFENDANT'S RIGHT TO A FAIR TRIAL AS TO CONSTITUTE REVERSIBLE ERROR?
AFFIRMED.
ERVIN, C.J. and MILLS and ZEHMER, JJ., concur.
NOTES
[1] Section 790.23(1), Florida Statutes (1983), states:

It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding 1 year to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices.
[2] Section 790.001(6), Florida Statutes (1983), states:

`Firearm' means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term `firearm' does not include an antique firearm unless the antique firearm is used in the commission of a riot; the inciting or encouraging of a riot; or the commission of a murder, an armed robbery, an aggravated assault, an aggravated battery, a burglary, an aircraft piracy, a kidnapping, or a sexual battery.
[3] In Wright we were not concerned with whether the defendant had used the screwdriver as a weapon because that was not the charge under review.