592 So.2d 300 (1991)
Michael COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02491.
District Court of Appeal of Florida, Second District.
December 20, 1991.
*301 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
No appearance for appellee.
PER CURIAM.
Michael Coleman appeals his convictions for delivery of cocaine and burglary of a dwelling.
The evidence admitted at trial showed that Tampa police, using a confidential informant, effectuated a sale of rock cocaine from Coleman, after originally targeting a female dealer known as "St. Pete." As police closed in to arrest Coleman, he fled inside a nearby residence and flushed some more cocaine down the toilet. These facts are more than adequate to sustain the drug conviction, and we affirm that conviction.
With regard to the charge of burglary, the information alleged that Coleman "did unlawfully enter or remain in a certain dwelling, the property of Mirta Borrero, with intent to commit an offense therein."[1] It appears that Coleman knew Ms. Borrero personally. On direct examination she was asked whether she "[gave] any permission to ... Michael Coleman to enter your residence." She stated that she had not. However, on cross-examination Borrero indicated that her teenage son, who lived at the same address, may have given Coleman permission to enter. Furthermore, when confronted with statements made at her pretrial deposition,[2] Borrero stated as follows:
A. Yes. I said that I gave him permission because I told ... like I told her, he did ask permission.
If I would have ... if he would have given me time, I probably would have given him time to go to the restroom, is what I told her at the time. In other words, I knew him well enough to let him go to my restroom, but as far as this other charge that he has, I don't know anything about it.
Q. So, your answer is that you have previously stated that you did give him permission?
A. Yes, I did say that.
On redirect examination the state attempted to alleviate some of the confusion:
Q. At that deposition did you ... let me rephrase that.
Did you, yourself, specifically give that individual, Mr. Coleman, permission to enter your residence on July the 5th, 1988?
A. No.
Q. Did anyone give him permission in your presence on July the 5th, 1988?
A. No.
* * * * * *
I don't know anything about anything else, other than he went in my house, and that my son said he did ask permission to go to the restroom.
* * * * * *
Q. Did you tell [the police] at that time that you had not given Michael Coleman permission to enter your residence?
A. Yes, I did.
Consent is an affirmative defense to burglary. State v. Hicks, 421 So.2d 510 (Fla. 1982). A defendant has the initial burden of establishing the existence of such a defense, but thereafter the burden shifts to the state to disprove the defense beyond a *302 reasonable doubt. Wright v. State, 442 So.2d 1058 (Fla. 1st DCA 1983), rev. denied, 450 So.2d 489 (Fla. 1984). In the present case no witnesses testified for the defense. However, one's theory of defense may be established from cross-examination alone. See, e.g., Campbell v. State, 577 So.2d 932 (Fla. 1991) (regarding entitlement to jury instruction); Watts v. State, 450 So.2d 265 (Fla. 2d DCA 1984) (prejudice from limitation of cross-examination). We find Ms. Borrero's testimony sufficiently ambiguous on the subject of consent to preclude a conviction for burglary. Accordingly, we reverse that conviction and direct that Coleman be discharged with respect to this charge.
We turn, finally, to the twelve-year (concurrent) sentence imposed for the drug offense. It appears from the record that Coleman received a guideline sentence (adjusted upward within the "permitted range"), with burglary scored as the "primary offense." After remand that scoresheet will have to be recalculated and, assuming a more lenient recommended sentence is the result, Coleman must be resentenced within the guidelines.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] The information did not specify a particular offense to be committed upon entry. This is not an absolute requirement although such specificity has been described as "the better practice." State v. Waters, 436 So.2d 66, 69 (Fla. 1983). When this issue was raised at Coleman's trial the prosecutor stated that "the crime he intended to commit ... was obstruction of those law enforcement officers in the lawful execution of their duties by flushing the cocaine and other contraband down the toilet." The trial court also noted that tampering with evidence is a criminal offense.
[2] The deposition itself is not part of the record.