679 So.2d 1216 (1996)
Robert F. HANSMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1854.
District Court of Appeal of Florida, Fourth District.
August 21, 1996.
Rehearing, Rehearing, and Certification Denied October 15, 1996.
*1217 Bradley E. Lolus of Bradley E. Lolus, P.A., Lauderhill, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc, and Certification Denied October 15, 1996.
FARMER, Judge.
Defendant argues that the trial court erred in failing to grant a judgment of acquittal on the burglary charge and a new trial on the theft charge. We agree.
Three people, Debbie, Terry and Greg, occupied a house. Defendant was charged with the burglary and the theft of a baseball card collection from that house. At trial, in its case in chief the State adduced the testimony of Debbie who testified that she did not give appellant permission to enter; but she also stated that she did not know whether Greg had given defendant permission to enter the residence. The State also called Terry, who testified that he did not give defendant permission; he was not asked if Greg had done so. Defendant testified in defense that Greg gave him permission to enter the house.
Burglary is defined as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."[1] Consent to enter the premises is an affirmative defense to burglary. State v. Hicks, 421 So.2d 510 (Fla.1982). The defendant has the burden of initially offering evidence to establish the defense, but after he does so the burden then shifts to the state to disprove the defense beyond a reasonable doubt. Coleman v. State, 592 So.2d 300 (Fla. 2d DCA 1991), Wright v. State, 442 So.2d 1058 (Fla. 1st DCA 1983), rev. denied, 450 So.2d 489 (Fla.1984).
It is true that the jury could simply have rejected the defendant's testimony that Greg gave him permission to enter the house. But we understand the holdings in Coleman and Wright to require the state to disprove consent beyond a reasonable doubt, once the defendant has offered any evidence to show consent. As the court explained in Wright:
"Simply because the exception is an affirmative defense, however, does not mean that the ultimate burden of proof of the exception shifts to the defendant. [f.o.] We think this exception should be treated like affirmative defenses such as insanity or entrapment. The defendant has the burden of going forward with evidence that the affirmative defense exists. Once the defendant has presented competent evidence of the existence of the defense, the burden of proof remains with the State, and the State must then prove the nonexistence of the defense beyond a reasonable doubt. In Holmes v. State, 374 So.2d 944 (Fla.1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), the court stated that where the evidence presents a reasonable doubt of an accused's *1218 sanity in the minds of the jurors, the presumption of sanity vanishes and the sanity of the accused must be proved by the prosecution beyond a reasonable doubt like any other element of the offense."
442 So.2d at 1060. In this case the state did not meet its burden by simply having two of three occupants of the premises testify that they did not consent. The state was required to offer some evidencedirect or circumstantialto show that Greg had not done so either.
On the theft count, the court erred in excluding the testimony of defendant's girlfriend that she heard Terry, the owner of the baseball card collection, give defendant permission to take the collection so that he could recover insurance benefits. The limited part of her testimony that was admitted did not convey the full import of what she heard. The exclusion of this evidence is not harmless, for it goes to the heart of the defense.
REVERSED.
GUNTHER, C.J., concurs.
STONE, J., dissents in an opinion.
STONE, Judge, dissenting.
I would affirm Appellant's conviction with respect to the judgment of acquittal issue.
The defendant's state of mind in entering the house and the victim's room was a fact question for the jury. See Atwater v. State, 626 So.2d 1325 (Fla.1993); State v. Law, 559 So.2d 187 (Fla.1989). The jury was not required to accept Appellant's implausible last minute claim as to what he was told by a third occupant of the house who subsequently disappeared and was not available to testify for either side. Not only did two of the house occupants, one of whom is the victim, testify adversely to Appellant, but it is undisputed that he secretively entered the house, broke into the victim's locked room, and ran off with his property.
I do agree that there was error in excluding the girlfriend's testimony.
NOTES
[1] § 810.02(1), Fla. Stat. (1993). [e.s.]