764 So.2d 22 (1999)
Norris WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00641.
District Court of Appeal of Florida, Second District.
March 31, 1999.
Rehearing Denied May 20, 1999.
*23 Frederick W. Vollrath, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Norris Williamson appeals from his judgment and sentence for burglary and possession of a controlled substance. We reverse because the trial court should have granted Williamson's motion for judgment of acquittal on the burglary charge and should have given the special jury instruction Williamson requested regarding possession of a controlled substance.
Williamson was charged with burglary of a dwelling, petit theft,[1] and possession of a controlled substance, allegedly occurring on April 25, 1997. At trial, Shirline Smith testified that she owned a house which she had rented to Henry Klamm and Bruce Dill. The house had caught fire about five days prior to the incident and was boarded up. Klamm and Dill no longer lived there, and they did not testify at trial. Smith testified that a small refrigerator in Klamm's room belonged to her. On April 25, 1997, the police called Smith to the house. A small refrigerator was in the backyard, and the back door had been broken open. Smith testified that she did not give Williamson permission to go into the house and take anything from it.
Hector Noyas, a fire inspector, testified that he had met Smith during his investigation of a series of arsons in the area. While on patrol, he saw Williamson walking away from the back of Smith's house, carrying a small refrigerator. Noyas stopped Williamson and asked him if he lived there. Williamson said that he did "sometimes." Noyas knew from his previous conversations with Smith that Williamson did not live at the house. Noyas called the Tampa Police Department. Two officers arrived and a search of Williamson revealed two knives, five rings, and some pills, which turned out to contain codeine. Williamson advised the officers that he went inside the house and found the rings on the floor and took them and found the pills next to the refrigerator and took them too.
Williamson correctly contends that the trial court should have granted his motion for judgment of acquittal on the burglary charge. "Burglary is defined as `entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.'" Hansman v. State, 679 So.2d 1216, 1217 (Fla. 4th DCA 1996) (emphasis in original) (quoting § 810.02(1), Fla. Stat. (1993)). In Hansman, the court held that the State must disprove consent to enter the premises beyond a reasonable doubt once the defendant has offered any evidence of consent. In Hansman, the defendant testified that he had the consent of one of the three occupants. The State presented the testimony of the other two occupants that they did not give the defendant their consent to enter. Because the State did not present any evidence that the third occupant did not give consent, the *24 Fourth District reversed the denial of the defendant's motion for judgment of acquittal on the burglary charge.
Here, the fire investigator testified that Williamson said he lived at the dwelling "sometimes." While the State presented the testimony of the owner, Smith, that Williamson did not have her permission to enter, the State did not present any evidence that the two renters, Klamm and Dill, did not give Williamson permission to enter the premises. Thus, as in Hansman, the trial court should have granted the motion for judgment of acquittal on the burglary charge. Therefore, we reverse the burglary conviction.
On the possession of a controlled substance charge, defense counsel requested that the jury be instructed that Williamson had to know the illicit nature of the substance, but the trial court declined to give the instruction. When specifically requested by the defendant, "the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed." Chicone v. State, 684 So.2d 736, 745-46 (Fla.1996) (footnote omitted). In Oliver v. State, 707 So.2d 771 (Fla. 2d DCA 1998), this court relied on Chicone and reversed the defendant's conviction for possession of cocaine and paraphernalia. This court held that "the trial court's error in denying Oliver's special jury instructions was not harmless where lack of guilty knowledge was Oliver's principal defense." Id. at 772-73.
Here, Williamson admitted that he found the pills inside the house and took them. He did not admit, however, that he knew that they contained codeine. The crime lab analyst testified that the pills were marked "Tylenol" and underneath that it said "codeine," but she read the markings under a microscope. The defense presented no evidence, but in closing, defense counsel argued that Williamson had no idea what was in the pill bottle he had taken.
Thus, the trial court should have given the special jury instruction Williamson requested, and based on Williamson's defense, the error was not harmless. Accordingly, we reverse Williamson's conviction for possession of a controlled substance and remand for a new trial on that charge. As in Lambert v. State, 728 So.2d 1189 (Fla. 2d DCA 1999), we certify to the Florida Supreme Court the following questions as being of great public importance:
1. DOES CHICONE V. STATE, 684 So.2d 736 (Fla.1996), RECEDE FROM STATE V. MEDLIN, 273 So.2d 394 (Fla.1973) (INDICATING THAT THE STATE MUST PROVE GUILTY KNOWLEDGE IN CONSTRUCTIVE POSSESSION BUT NOT ACTUAL POSSESSION CASES)?
2. DOES CHICONE APPLY WHEN THE DEFENSE PRESENTS NO EVIDENCE?
3. DOES CHICONE CREATE A NEW ELEMENT TO THE CRIME OF POSSESSION OF A CONTROLLED SUBSTANCE?
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and GREEN, J., Concur.
NOTES
[1] Williamson does not challenge the petit theft count, and we affirm that conviction.