PER CURIAM.
We grant Willie C. Howard’s petition for writ of habeas corpus, which alleged ineffective assistance of appellate counsel in connection with his direct appeal from his second degree murder conviction. We agree that his appellate attorney should have argued that the trial court’s reinstruction of the jury on the elements of second and third degree murder and manslaughter was incomplete, where the court refused Howard’s trial counsel’s request that the jury also be rein-structed on the justifiable use of deadly force. Fla. Std. Jury Instr. (Crim.) 3.04(d). The trial court reread the justifiable and excusable homicide portions of the standard manslaughter jury instruction, but this did not provide a complete instruction in this case, since the standard instruction allows the jury to find excusable homicide only if non-deadly force is used.
We are mindful of the general rule that when a jury requests reinstruction on the elements of a charged offense, the judge is not required to reread the defense instructions. Ordinarily, the decision of the trial court to limit the reinstruction to the specific question posed by the jury would have been proper. Holsworth v. State, 522 So.2d 348, 353 (Fla. 1988). However, in this case, rein-struction on the justifiable use of deadly force was required.
The manslaughter statute excludes from its definition killings that are justifiable under chapter 776. § 782.07, Fla.Stat. (1993). Section 776.012 provides that the use of deadly force may be justified in certain enumerated circumstances. When the court instructs the jury on the elements of manslaughter, the court must also define the exclusions “to enable the jury to understand the definition of manslaughter.” Hedges v. State, 172 So.2d 824, 826 (Fla. 1965).
Since the victim in this case was shot, a complete instruction on justifiable homicide required an instruction on when the use of deadly force is justified. Cf. Carranza v. State, 511 So.2d 410 (Fla. 4th DCA 1987), rev. denied, 519 So.2d 988 (Fla. 1988)(revers-ing for failure to reinstruct on justifiable killing in defense of a third party). The reinstruction as given in this case was misleading and incomplete, requiring reversal and a new trial. Hedges, 172 So.2d at 826 (“The giving of a partial instruction fails to inform the jury fully and often leads to undue emphasis on the part given as against the part omitted.”) The fact that Howard was convicted of second degree murder, and not manslaughter, does not render the error harmless. Rojas v. State, 552 So.2d 914 (Fla. 1989).
We therefore grant the petition, reverse Howard’s conviction and sentence, and remand for a new trial.
KLEIN, STEVENSON, and HAZOURI, JJ., concur.