PLEUS, J.
Smith appeals his judgment and sentence for possession of a firearm by a convicted felon. He argues that the trial *1099 court erred in reinstructing the jury on the defense of necessity. Smith claims that the court’s instruction was incomplete and confusing because it failed to explain the standard of proof in addition to who has the burden of proof. We disagree.
Smith was tried for possession of a firearm by a convicted felon. At the conclusion of the evidence, Smith requested and obtained the Florida Standard Jury Instruction on the affirmative defense of duress or necessity. During jury deliberations, the jury asked, “With whom does that burden of proof lie in regard to establishing ‘duress’?” The state and defense disagreed about who had the burden of proving or disproving this defense. After a short research break, the court concluded that “a defendant who relies upon a defense of whatever, duress or necessity, has the burden of going forward with the evidence.”
The defense objected and argued that if the court was going to put the burden on the defendant, it should also explain to the jury that the defendant must only prove the defense by the greater weight of the evidence. The court overruled this objection and answered the jury’s question as follows:
A defendant who relies on a defense of duress or necessity has the burden of going forward with the evidence, but the ultimate burden of proving guilt beyond a reasonable doubt never shifts from the State.
Smith was convicted as charged and timely appealed.
Smith argues that the trial court erred in failing to instruct the jury on the standard of proof on the defense of necessity, as he requested. He claims that by failing to instruct the jury that he had a lesser standard of proof than the state, the court implied that the standard of proof was the same as the state, beyond a reasonable doubt. Generally, a trial court’s decision to limit reinstruction to the specific question posed by the jury is proper. Howard v. Moore, 730 So.2d 800 (Fla. 4th DCA 1999), citing Holsworth v. State, 522 So.2d 348, 353 (Fla.1988). The caveat to this rule is that the additional charges should be complete on the subject involved. Henry v. State, 359 So.2d 864 (Fla.1978), citing Hedges v. State, 172 So.2d 824 (Fla.1965). Failure to give a complete instruction “can lead to undue emphasis on part given as against the part omitted.” Cole v. State, 353 So.2d 952, 954 (Fla. 2d DCA 1978); Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974).
In the instant case, the court’s instruction answered the jury’s question — the defendant has the burden. Then, it articulated the burden — to go forward with evidence. Finally, it reminded the jury that the ultimate burden of proof beyond a reasonable doubt remained with the state. See Hansman v. State, 679 So.2d 1216, 1217 (Fla. 4th DCA 1996); Wright v. State, 442 So.2d 1058 (Fla. 1st DCA 1983) (“The defendant has the burden of going forward with evidence that the affirmative defense exists. Once the defendant has presented competent evidence of the existence of the defense, the burden of proof remains with the State, and the State must then prove the nonexistence of the defense beyond a reasonable doubt.”). We believe the trial court correctly stated the law in responding to the jury’s question.
Although the court’s instruction arguably would have been more complete if it had quoted the standard in Wright verbatim, the instruction it gave was adequate.[1]
AFFIRMED.
COBB and SHARP, W., JJ., concur.

. Smith's argument that the standard of proof was the greater weight of the evidence is *1100 without merit. He cites no authority for this assertion. As Hansman and Wright illustrate, the standard is to go forward with evidence, specifically "some competent evidence." That burden is far less than the greater weight of the evidence.