STEVENSON, J.
Appellant was tried by jury and convicted of burglary of a dwelling and resisting arrest without violence. We reverse the burglary conviction because we find the trial court erred in denying appellant’s motion for judgment of acquittal where the State failed to rebut appellant’s affirmative defense of consent.
The pertinent facts — with all inferences drawn in favor of the State for purposes of considering the motion for judgment of acquittal — are summarized as follows. Deputy John Kane attempted to make a traffic stop of the vehicle appellant was driving. Appellant accelerated away, drove into the parking area of a nearby apartment complex and ran from the vehicle. Shortly thereafter, Nicole Martin, a resident of the complex, was walking her dog when she saw her back door open and appellant run out. At the time, Martin’s fiancé, Mark Biggies, Biggies’ friend and Martin’s daughter were at the apartment. Although Martin knew appellant because appellant was the friend and co-worker of *990 her prior roommate and Martin previously attended school with appellant, appellant had not been to her apartment within the past four weeks. Martin testified that she had not given appellant permission to enter the apartment, that it was not typical for him to enter the apartment without permission and that she did not know if anyone had invited him in. After appellant exited the apartment, he stopped briefly in front of Martin and she asked him what he was doing. Appellant responded that he was running. Appellant then proceeded towards the nearby Indian River Apartments and was captured en route by Deputy Sposato.
Appellant took the witness stand and testified that, on the day in question, his sister asked him to run around the apartment complex to confuse the police because they were trying to capture his sister’s boyfriend. When his sister told him to quickly get behind the apartment complex, appellant decided to go through Martin’s house because he was friends with her roommate for a period and they worked together. Appellant stated that he saw Mr. Biggies, Martin’s flaneé, standing outside smoking a cigarette and he asked Biggies if he could come into the apartment. According to appellant, he entered the apartment only after Biggies gave him permission. During cross examination, appellant testified:
I asked Mark Bigglefs], where’s Nicole? He said, Nicole[] is out back walking the dog. And I asked may I please come in and he say yeah, go ahead. And I went out back and I seen Nicole .... [1]
Appellant testified that, upon exiting the apartment, he was briefly stopped by Martin, but he resumed running when he saw his sister’s boyfriend running across the ditch.
Upon the conclusion of appellant’s testimony, the defense rested and the defense attorney renewed his motion for judgment of acquittal, which was previously made after the State rested, based on the argument that the State had not rebutted appellant’s affirmative defense of consent. Contrary to the State’s argument, we find that the issue was preserved since the original motion, and the renewed motion, alerted the trial court to the appellant’s contention that the State had not rebutted the affirmative defense of consent. Appellant also argued that since he ran through the apartment to get to the other side of the complex, there was insufficient evidence that he entered the apartment with the intent to commit an offense. The trial court denied the motions. We reverse the burglary conviction based on the consent issue and do not reach appellant’s argument on the lack of intent.
Because consent is an affirmative defense, “[t]he defendant has the burden of initially offering evidence to establish the defense, but after he does so the burden then shifts to the state to disprove the defense beyond a reasonable doubt.” Hansman v. State, 679 So.2d 1216, 1217 (Fla. 4th DCA 1996). For instance, in Hansman, the State presented the testimony of two residents of a house, which the defendant was charged with burglarizing. See id. Both residents testified that they did not consent to the defendant entering the residence. The defendant testified that a different resident gave him permission to enter the house. See id. When reversing the burglary conviction, *991 this court held that Hansman was entitled to a judgment of acquittal because the State failed to offer any evidence disproving his assertion that the third resident gave him consent and remarked:
It is true that the jury could simply have rejected the defendant’s testimony that [the third occupant] gave him permission to enter the house. But we understand the holdings in Coleman [v. State, 592 So.2d 300 (Fla. 2d DCA 1991),] and Wright [v. State, 442 So.2d 1058 (Fla. 1st DCA 1983),] to require the state to disprove consent beyond a reasonable doubt, once the defendant has offered any evidence to show consent. ... In this case the state did not meet its burden by simply having two of three occupants of the premises testify that they did not consent. The state was required to offer some evidence— direct or circumstantial — to show that [the third occupant] had not done so either.
Id. at 1217-18. See also Petrucelli v. State, 855 So.2d 150, 154 (Fla. 2d DCA 2003) (noting that when consent is placed in issue, it is the State’s burden to establish that consent was not given or that the person who gave consent did not have the legal ability to do so).
In the instant case, the State presented no evidence, direct or circumstantial, to rebut appellant’s testimony that Martin’s fiancé, Mark Biggies, gave appellant consent to enter the apartment. The State argues in its brief that a jury question on this issue was presented because the police officer who observed appellant just before he entered the apartment never testified he observed appellant talk to anyone. We disagree that this testimony creates a jury question. Sergeant White testified that he responded to a BOLO and saw appellant, who met the description, standing in front of Martin’s apartment door. White admitted that, when he first caught sight of appellant, appellant was “in motion going into [the apartment].” White testified:
Again, this happened within seconds. When I turned in onto this road and we had multiple units in this area, I observed him in front of the door. He immediately went into the apartment. ...
Sergeant White also testified that when he “bailed out” of his vehicle to run to the door, he did not go inside, but “there was an individual that was a resident of that apartment standing in the doorway up against, kind of against the wall.” Thus, even taking all reasonable inferences from Sergeant White’s testimony in favor of the State, this evidence fails to rebut appellant’s claim that he had spoken to Biggies prior to entering the apartment and that Biggies had given him permission to go inside.
Because we conclude that the State failed to rebut appellant’s affirmative defense of consent as to the burglary, we need not reach the claim that the evidence, as a matter of law, failed to establish that appellant entered the apartment with the intent to commit an offense. Accordingly, appellant’s conviction for burglary is reversed and the sentence is vacated.

Reversed.

SHAHOOD, C.J., and WARNER, J„ concur.

. During direct examination, the State objected on the basis of hearsay to appellant testifying about what Biggies told him and the trial judge sustained the objection "as to what [Biggies] said.” On cross examination, the same testimony came in without objection or motion to strike.