PARIENTE, J.,
concurring.
I write in response to Justice Canady’s dissent that we should eliminate the instructions on reasonable doubt. Because this portion of the instructions is given only when an affirmative defense is raised, and because the instructions have been in place since 2007, after section 893.101, Florida Statutes, was enacted, I would not eliminate those instructions. See Fla. Std. Jury Instr. (Crim.) 25.2-25.16.
The Legislature enacted section 893.101 in 2002 to explicitly provide that knowledge of the illicit nature of the controlled substance is not a required element of a drug offense. Ch.2002-258, § 1, Laws of Fla. The Legislature provided that lack of knowledge is an affirmative defense and that possession gives rise to a permissive *1213 presumption of knowledge. Id. Section 893.101 provides as follows:
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 [808 So.2d 166] (Fla.2002) and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.
§ 893.101, Fla. Stat. (2012). At the same time, the Legislature did not amend section 893.10, which applies to all of chapter 893. Section 893.10 is entitled “Burden of Proof; photograph or video recording of evidence” and provides in pertinent part as follows:
It is not necessary for the state to negative any exemption or exception set forth in this chapter in any indictment, information, or other pleading or in any trial, hearing, or other proceeding under this chapter, and the burden of going forward with the evidence with respect to any exemption or exception is upon the person claiming its benefit.
§ 893.10(1), Fla. Stat. (2012) (emphasis added). In contrast, the 1967 predecessor to this provision placed the “burden of proof of any ... exception, excuse, proviso, or exemption” upon the defendant. § 398.20, Fla. Stat. (1967) (emphasis added).
In light of the 2002 enactment of section 893.101, this Court directed the appropriate committee to propose changes to the applicable jury instructions. See Standard Jury Instructions in Criminal Cases (2003-1), 869 So.2d 1205 (Fla.2004). In 2007, this Court reviewed the committee’s proposals and adopted them unanimously, amending Instructions 25.2 through 25.16 to add the following language:
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.

If you have a reasonable doubt on the question of whether (defendant) knew 'of the illicit nature of the controlled substance, you should find (defendant) not guilty.

See In re Standard Jury Instructions In Criminal Cases (No. 2005-3), 969 So.2d 245, 249 (Fla.2007) (emphasis added); This language has been in the jury instructions since 2007, and the Legislature has *1214 not responded by enacting any clarification regarding the affirmative defense and the burden(s) of proof involved in section 893.101.
The appellate courts have not expressly interpreted the “burden of going forward,” as provided for in section 893.10, or addressed the jury instructions adopted in 2007 in In re Standard Jury Instructions In Criminal Cases (No. 2005-3), but the jury instructions are consistent with the way that other affirmative defenses are treated. The instructions also are consistent with cases in other contexts that have addressed situations where a defendant has the burden of going forward with the evidence. Those cases seem to support the jury instructions, given the fact that section 893.10(1) provides that the defendant has “the burden of going forward with the evidence with respect to any exemption,” rather than the burden of proof. See, e.g., Wright v. State, 442 So.2d 1058, 1060 (Fla. 1st DCA 1983) (“The defendant has the burden of going forward with evidence that the affirmative defense exists. Once the defendant has presented competent evidence of the existence of the defense, the burden of proof remains with the State, and the State must then prove the nonexistence of the defense beyond a reasonable doubt.”); Smith v. State, 826 So.2d 1098, 1099 n. 1 (Fla. 5th DCA 2002) (agreeing with the decision in Wright and stating that the standard “to go forward with evidence” means to present “some competent evidence,” a burden which “is far less than the greater weight of the evidence”).
In State v. Adkins, 96 So.3d 412 (2012), although a majority of the Court upheld section 893.10(1) as facially constitutional, the reasoning of the majority was joined in by only three justices (Chief Justice Pol-ston and Justices Canady and Labarga), with two justices concurring in result (Justices Pariente and Lewis) and two justices dissenting (Justices Quince and Perry). In my concurring in result opinion, I expressed concerns about the potential that the statute could be unconstitutional as applied but recognized the importance of the affirmative defense, stating as follows:
An affirmative defense that affords the defendant with an opportunity to place his or her culpability at issue hampers the concerns of innocent criminalization and a violation of due process. Similar to the judicially recognized affirmative defenses of mistake of fact in North Dakota and Washington, where the accused believes he or she possesses or is delivering an innocuous substance in Florida, the accused may — but is not required to — assert the affirmative defense enumerated under section 893.101(2), Florida Statutes (2011), of “lack of knowledge of the illicit nature” of the controlled substance. Moreover, when this defense is asserted, the trial court must then instruct the jurors to find the defendant “not guilty” if they “have a reasonable doubt on the question of whether [the defendant] knew of the illicit nature of the controlled substance.” Fla. Std. Jury Instr. (Crim.) 25.2. That is, if the defense is raised, the State has the burden to overcome the defense by proving beyond a reasonable doubt that the defendant knew of the illicit nature of the substance.
Id. at 430 (Pariente, J., concurring in result). From my perspective, our decision in Adkins upheld the constitutionality of section 893.101, but did not alter the application of the affirmative defenses.
For all these reasons, I agree with the majority that the jury instructions on “reasonable doubt,” once the affirmative defense is raised, should be retained.