380 So.2d 500 (1980)
STATE of Florida, Appellant,
v.
Daniel Patrick GRANEY, Appellee.
No. 79-1529.
District Court of Appeal of Florida, Second District.
February 22, 1980.
*501 Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
Arthur N. Eggers, Tampa, for appellee.
CAMPBELL, Judge.
The appellant, State of Florida, by information, charged the appellee, Daniel Patrick Graney, the defendant below, with unlawfully entering a structure with intent to commit theft therein in violation of Section 810.02, Florida Statutes (1977). That statute provides a defense to the offense charged if "the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." In an attempt to show that he came within the exclusionary language of the statute, and that, therefore, the undisputed facts did not establish a prima facie case of guilt, the appellee filed a motion to dismiss pursuant to Florida Rules of Criminal Procedure 3.190(c)(4), and alleged:
1. He is charged with the burglary of a structure located at the Whisper Lake Apartments.
2. The structure in question is the apartment complex laundromat.
3. The laundromat is open twenty-four (24) hours a day to allow access to the washing and drying machines located therein.
4. At the time the defendant was allegedly seen in the laundromat the door thereto was propped open allowing access to the room.
The state did not traverse or demur to the appellee's motion and the court below granted the appellee's motion to dismiss.
It is significant that the appellee did not attempt to avoid the offense by specifically alleging that he was a resident of the apartment complex, and by reason of that fact, had consent to enter, or that he was specifically invited to enter under any other basis, nor does he specifically allege that the premises were at the time open to the public, but instead seems to rely on some type of implied consent by reason of the fact that the structure in question was an apartment complex laundromat. The facts as alleged in the appellee's motion to dismiss filed below do not of themselves establish or necessarily give rise to an implication that the premises were at the time open to the public or that the appellee was licensed or invited to enter. Since the appellee's motion to dismiss does not demonstrate that the undisputed facts fail to establish a prima facie case by bringing him within the exclusionary language of Section 810.02, Florida Statutes (1977), and a mere implied supposition is not sufficient to require the state to traverse or demur, the motion to dismiss should have been denied. Ellis v. State, 346 So.2d 1044 (Fla.1st DCA 1977).
We, therefore, reverse the granting of the motion to dismiss and the cause is hereby remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and BOARDMAN, J., concur.