676 So.2d 1046 (1996)
Hershell Curtis COLLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2871.
District Court of Appeal of Florida, First District.
July 9, 1996.
*1047 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Vincent Altieri, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant was convicted following a jury trial of burglary of a structure and petit theft arising from the theft of coins from a vending machine located in a motel alcove. He argues on appeal that the trial judge should have granted his motion for judgment of acquittal on the burglary charge because the sole evidence at trial concerning the motel alcove was that it was open to the general public. We agree and reverse the burglary conviction.
Section 810.02(1), Florida Statutes (1995), provides:
"Burglary" means entering or remaining in a structure or conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(Emphasis supplied.) The language following "unless" sets forth an affirmative defense. State v. Hicks, 421 So.2d 510 (Fla. 1982). In support of this defense, the appellant relied upon testimony by a motel employee. In response to a question from the prosecution as to the purpose of the vending machines, the motel employee responded, "They are for the convenience of the guests and the general public." And on cross examination, the motel employee repeated this testimony.
In the absence of any evidence to the contrary, this testimony established that the alcove was "at the time open to the public." Thus, the state bore the burden of proving the nonexistence of the defense beyond a reasonable doubt. Wright v. State, 442 So.2d 1058, 1060 (Fla. 1st DCA 1983), rev. denied, 450 So.2d 489 (Fla.1984). The state claims it met that burden with testimony by the motel employee on redirect that neither the appellant nor anyone else had been given permission to enter the alcove for the purpose of stealing money from the machines.
The state's argument is that the appellant did not have consent to enter the alcove because no one had permission to enter the alcove for the purpose of stealing money from the machines. But premises are either open to the public or they are not, and the fact that persons with criminal intent have not been given permission to enter has no effect on whether premises are open to the public. Otherwise, every time a person entered a structure that was open to the public with the intent to commit a crime, the person would have committed a burglarya result directly in conflict with the express language of section 810.02(1). As the court in Ray v. State, 522 So.2d 963, 967 (Fla. 3d DCA), rev. denied, 531 So.2d 168 (Fla.1988), observed:
Happily we need not concern ourselves with the potential elevation of a shoplifting offense to a burglary. This is so because Section 810.02, Florida Statutes (1987), precludes a burglary charge where "the premises are at the time open to the public." That the premises are open to the public is a complete defense to a burglary charge, avoiding the absurd result of State v. Shult, 380 N.W.2d 352 (S.D.1986)(pizza thief guilty of burglary because he entered store with intent to shoplift). See State v. Graney, 380 So.2d 500 (Fla. 2d DCA 1980); Arabie v. State, 699 P.2d 890 (Alaska App. 1985).
Id. n. 6. Unfortunately, this case presents "the absurd result" referenced in Ray. Because the state presented no evidence that the motel's alcove was not open to the public, there was no jury question as to the affirmative defense. Accordingly, the judge should *1048 have granted the appellant's motion for judgment of acquittal on the burglary charge. See Coleman v. State, 592 So.2d 300 (Fla. 2d DCA 1991).
The other issues raised by the appellant are either without merit or are rendered moot by the above disposition. We affirm the appellant's conviction for petit theft and reverse his conviction for burglary.
MICKLE, J., and SHIVERS, Senior Judge, concur.