PER CURIAM.
The appellant challenges convictions and sentences imposed as a consequence of an armed robbery and shooting of a convenience store clerk. We affirm all the convictions and sentences, except the conviction and sentence for burglary which we reverse because the record reveals that the convenience store was “at the time open to the public.” See § 810.02(1), Fla. Stat.; Collett v. State, 676 So.2d 1046 (Fla. 1st DCA 1996). We certify conflict with Garvin v. State, 685 So.2d 17 (Fla. 3d DCA 1996), although we note that the result in Garvin is inexplicably inconsistent with the following language from that court’s *536 opinion in Ray v. State, 522 So.2d 963, 967 n. 6 (Fla. 3d DCA), rev. denied, 531 So.2d 168 (Fla.1988):
Happily, we need not concern ourselves with the potential elevation of a shoplifting offense to a burglary. This is so because Section 810.02, Florida Statutes (1987), precludes a burglary charge where “the premises are open to the public.” That the premises are open to the public is a complete defense to a burglary charge, avoiding the absurd result of State v. Shult, 380 N.W.2d 352 (S.D.1985[1986]) (pizza thief guilty of burglary because he entered store with intent to shoplift). See State v. Graney, 380 So.2d 500 (Fla. 2d DCA 1980); Arable v. State, 699 P.2d 890 (Alaska App. 1985).
AFFIRMED IN PART AND REVERSED IN PART.
JOANOS, ALLEN and WEBSTER, JJ„ concur.