KAHN, J.
Arthur McCoy appeals his conviction for burglary of a dwelling in violation of section 810.02(3), Florida Statutes (1995). McCoy argues that the trial court should have granted his motion for judgment of acquittal because the State failed to present any evidence to negate his consent defense. We agree and reverse.
Section 810.02(1), Florida Statutes (1995), defines burglary:
“Burglary” means the entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
“Under the statute, one commits burglary by: 1) ‘entering’ a structure with the intent to commit an offense therein or 2) ‘remaining in’ a structure with the requisite intent.” Robertson v. State, 699 So.2d 1343, 1346 (Fla.1997), cert. denied, — U.S.—, 118 S.Ct. 1097, 140 L.Ed.2d 152 (1998). “The statute also makes consent an affirmative defense to a charge of burglary.” Id.; see Collett v. State, 676 So.2d 1046, 1047 (Fla. 1st DCA 1996). “A defendant has the initial burden of establishing the existence of such a defense, but thereafter the burden shifts to the state to disprove the defense beyond a reasonable doubt.” Coleman v. State, 592 So.2d 300, 301-02 (Fla. 2d DCA 1991); accord Hansman v. State, 679 So.2d 1216, 1217 (Fla. 4th DCA 1996); Collett, 676 So.2d at 1047. “[0]nce consensual entry is complete, a consensual ‘remaining in’ begins, and any burglary conviction must be bottomed on proof that consent to ‘remaining in’ has been withdrawn.” Ray v. State, 522 So.2d 963, 965 (Fla. 3d DCA 1988); accord Robertson, 699 So.2d at 1343.
In this case, the State charged that McCoy entered or remained in the home of the victim with the intent to commit an indecent exposure. The victim’s testimony revealed that McCoy had permission to enter the home for a business purpose and to remain in the home to use the bathroom. McCoy thus established the existence of his consent defense. Apparently in response to this defense, the State elicited testimony from the victim that she did not consent to McCoy exposing himself to her or in her presence and that she did not let him into the house for that purpose. This testimony does not disprove McCoy’s consent defense; it does not establish that the victim withdrew her consent. “There must be some evidence the jury can rationally rely on to infer that consent was withdrawn besides the fact that a crime occurred.” Miller v. State, 713 So.2d 1008, 1011 (Fla.1998); see Collett, 676 So.2d at 1047. Here, consent was not withdrawn explicitly or by the victim’s actions. Where the State charges that a burglary occurred and the only evidence that the victim withdrew consent is that the defendant allegedly committed a crime in the dwelling, the evidence is insufficient as a matter of law to establish burglary. See Miller, 713 So.2d at 1010 (explaining that it is “improbable” that a victim would ever give permission for assailant to enter and commit a crime). Accordingly, the trial court should have granted McCoy’s motion for judgment of acquittal.
REVERSED.
JOANOS and DAVIS, JJ., Concur.