756 So.2d 118 (2000)
Martin STENSON, Appellant,
v.
The STATE Of Florida, Appellee.
No. 3D98-2186.
District Court of Appeal of Florida, Third District.
February 2, 2000.
Opinion Granting Rehearing February 28, 2000.
*119 Charles G. White, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Alison B. Cutler, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY, and FLETCHER, JJ.
FLETCHER, Judge.
Martin Stenson appeals from a conviction and sentence of one count of burglary of an occupied dwelling with an assault therein, in violation of section 810.02, Florida Statutes (1997), and one count of simple battery, in violation of section 784.03, Florida Statutes (1997). Although appellant raises a number of issues on appeal, we write to address only onewhether there was sufficient evidence of a burglary.
A burglary is defined in section 810.02(1) as "entering or remaining in a dwelling... with the intent to commit an offense therein, unless ... the defendant is licensed or invited to enter or remain." Therefore, courts have construed consent to enter and remain to be an affirmative defense to the crime of burglary. See, e.g., State v. Hicks, 421 So.2d 510 (Fla.1982). As explained in Ray v. State,[1] 522 So.2d 963, 965 (Fla. 3d DCA 1988), "once consensual entry is complete, a consensual `remaining in' begins" and to transform this into a burglary, there must be "proof that consent to `remaining in' has been withdrawn." Although the victim in this case admitted that she invited the defendant into her home to talk, she also testified that she repeatedly asked the defendant to leave when he began beating her. This constituted sufficient proof that consent to remain was withdrawn.
The cases upon which appellant relies, Marquez v. State, 721 So.2d 1206 (Fla. 3d DCA 1998) and McCoy v. State, 723 So.2d 869 (Fla. 1st DCA 1998), are not controlling. In neither case was there any evidence that the initial consent was withdrawn.
Finding no merit in the defendant's remaining contentions, we affirm the judgment entered below in all respects.
Affirmed.
LEVY, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
While I concur, it should be reemphasized, as the court said in Ray v. State, 522 So.2d 963, 967 (Fla. 3d DCA 1988), review denied, 531 So.2d 168 (Fla.1988), that our holding that
the victim's actions in terminating the offender's authority to remain in the premises places the offender at risk of having an otherwise minor charge against him elevated to burglary. Model Penal code § 221.1, at 71 (Official *120 Draft and Revised Comments)(1980). For example, if a visitor in a home becomes involved in an argument with the host, threatens to hit the host, and is asked by the host to leave, his failure to leave and continued threats would subject the visitor to a burglary charge. [e.s.]
Ray v. State, 522 So.2d at 967 (footnote omitted). The horrible example contemplated with obvious trepidation in Ray is just this case: a failed attempt at reconciliation between lovers which escalated into blows amounting to a simple battery has morphed into a first degree felonyfor which Stenson got twelve yearsonly because the disagreement occurred under the victim's roof. I was a member of the Ray panel and I still share its uneasiness with this apparently draconian result, see Ray, 522 So.2d at 967, citing 2 W. LaFave & A. Scott, Substantive Criminal Law § 8.13, at 468 (1986), but I also still agree that it is required by the Florida burglary statute, section 810.02(1), Florida Statutes (1997). Ray, 522 So.2d at 967. The statute has not been amended and Ray has not been overruled. Perhaps unfortunately, therefore, we must affirm.
Before SCHWARTZ, C.J., and LEVY, and FLETCHER, JJ.

ON MOTION FOR REHEARING
FLETCHER, Judge.
The appellant's motion for rehearing is granted based on the recently issued opinion of the Florida Supreme Court, Delgado v. State, 25 Fla. L. Weekly S79, ___ So.2d ___, 2000 WL 124382 (Fla. February 3, 2000).[1] We reverse Stenson's conviction for burglary only and affirm Stenson's conviction and sentence for simple battery. However, since Stenson has served the sentence for the battery, we order his immediate release, notwithstanding any petition for rehearing.
Affirmed in part, reversed in part and remanded.
NOTES
[1] We agree with the State that Miller v. State, 733 So.2d 955 (Fla.1998) did not overrule Ray v. State. As expressly stated in the revised opinion, Miller v. State, 733 So.2d 955, 957 n. 1 (Fla.1999), that case did not involve the licensee or invitee affirmative defenses.
[1] The Florida Supreme Court's opinion was released one day after our original opinion.