PER CURIAM.
Mukesh Rampersad seeks to reverse his conviction for burglary and to be discharged. We reverse, and order Ramper-sad to be immediately released.
Rampersad, his ex-wife, and their children were out shopping for a new car for the ex-wife in a car rented several days earlier by Rampersad. The record indicates that they argued, and at some point in the argument, Rampersad, who was driving, pulled over to make a pay phone call and exited the vehicle; the ex-wife moved over into the driver’s seat and closed the door. Rampersad reached in through the window and struck his ex-wife, who suffered a bruised and lacerated cheek. Rampersad was charged with burglary of a conveyance, and with felony battery. Rampersad pleaded not guilty, went to jury trial, and was convicted of burglary with battery, and with simple battery. He was sentenced to five years in state prison on the burglary, and received a suspended sentence on the simple battery.
Pursuant to Delgado v. State, 25 Fla. L. Weekly S79, — So.2d -, 2000 WL 124382 (Fla. 2000), we find that Ramper-sad committed no burglary. Rampersad was at the very least a licensee or invitee[1] *95 as he was not precluded from re-entering the vehicle on his return from the phone booth. See also Stenson v. State, — So.2d -, 2000 WL 121288 (Fla. 3d DCA 2000). We reverse Rampersad’s conviction and sentence for burglary and order that he be immediately released from custody, notwithstanding any petition for rehearing. We do not disturb the conviction and suspended sentence for the simple battery.
Reversed in part, affirmed in part, and remanded.

. Section 810.02(1), Florida Statutes (1997):
"Burglary” means entering or remaining in a dwelling, a structure, or a conveyance *95 with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.”