SCHWARTZ, Chief Judge.
At first appearance, the magistrate determined that the arrest affidavit did not justify the felony charge of burglary with an assault asserted against the defendant Blount, reduced the offense to the misdemeanor of simple battery and ordered his release to pre-trial services with an alternative $1500.00 bond. On the basis only of the information filed by the State Attorney’s office for a non-bondable life felony of burglary with an assault, but see Rampersad v. State, 752 So.2d 94 (Fla. 3d DCA 2000), and without any further sworn testimony, the circuit judge at arraignment revoked the pre-trial release and ordered the defendant held without bond. This order was completely unjustified in light of the law that the filing of an information cannot itself provide probable cause, see Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and that, in the absence of a finding of probable cause based on sworn testimony, there can be no “restraint on liberty other than appearing for trial.” Fla.R.Crim.P. 3.133(a)(l)(4). On this basis, we have previously ordered Blount restored to the status ordered by the magistrate and now award him a final judgment in habeas corpus to that effect.
Habeas Corpus granted.