795 So.2d 82 (2000)
Tyjuan Wilbert JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-202.
District Court of Appeal of Florida, Fifth District.
December 1, 2000.
Opinion Granting Clarification February 2, 2001.
*83 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
*84 PLEUS, J.
Tyjuan Johnson asserts his designation as a sexual offender and the registration and community notification requirements for sexual offenders are unconstitutional.
In his Amended Motion to Prohibit Imposition of Sexual Predator[1] and Offender Designations and Sanctions, Johnson alleged that sections 943.043, 943.0435, 944.606, and 944.607, Florida Statutes (1999) were violative of his state and federal procedural due process rights and of his right to privacy.[2] These statutes contain the designation, registration and community notification requirements for sexual offenders. The trial court rejected Johnson's claims finding the sexual offender designation and corresponding registration and community notification requirements constitutional. Because we agree with the trial court's well-reasoned opinion, the findings and result upon which we cannot improve, we adopt the written opinion of Judge Shawn L. Briese as the opinion of this court:
This matter came before the court on the defendant's Amended Motion to Prohibit Imposition of Sexual Predator and Offender Designation and Sanctions, and the court having granted the state's Motion to Strike that portion of the defendant's motion alleging the unconstitutionality of the Sexual Predator Laws for lack of standing, and the court having considered the Amended Motion, heard argument of counsel, and being otherwise fully advised in the premises, finds as follows:
BACKGROUND
The defendant in this case challenges the sexual offender designations imposed on him as unconstitutional. More specifically, the defendant claims that the sexual offender scheme violates Article 1, Section 23 of the Florida Constitution, unnecessarily burdening the privacy interests of offenders without a correspondingly worthwhile benefit to the public safety and violates Art. I, Section II & IX of the Constitution violating the defendant's basic rights and due process. The defendant supports his position with the Massachusetts case of Doe v. Attorney General, [430 Mass. 155,] 715 N.E.2d 37 (1999) and the Ohio case of State v. Daniel Williams, 1999 WL 76633 (Ohio App. 11 Dist., No. 97-L-191, January 29,1999).
In response, the State argues that the notification and registration requirement of the Florida sexual offender statutes are constitutional because: 1) there is no privacy interest in public information and dissemination of such information is not unconstitutional; 2) public access to public information does not produce shame; 3) although Internet access to public information is more efficient with regard to availability of such information, the nature of the information is not changed by the accessibility; and 4) Florida's registration and notification requirements are among the least intrusive means to accomplish a compelling state interest.
CONCLUSIONS OF LAW
The Florida Supreme Court in Metropolitan Dade County v. Bridges set forth the following relevant rules of construction in determining a statute's constitutionality:

*85 A legislative enactment is presumed valid and will not be declared unconstitutional unless it is demonstrated beyond a reasonable doubt that the statute conflicts with some designated provision of the constitution. Whenever reasonably possible and consistent with the protection of constitutional rights, courts will construe statutes in such a manner as to avoid conflict with the constitution. But the court, in constructing a statute, may not invade the province of the legislature and add the words which change the plain meaning of the statute. State v. Elder, 382 So.2d 687 (Fla.1980). Furthermore, courts may not vary the intent of the legislature with respect to the meaning of the statute in order to render the statute constitutional. State v. Keaton, 371 So.2d 86 (Fla.1979).

Metropolitan Dade County v. Bridges, 402 So.2d 411(Fla.1981). See also Florida Department of Education v. Glasser, 622 So.2d 944 (Fla.1993); Burnsed v. Seaboard Coastline Railroad Company, 290 So.2d 13 (Fla.1974); and, Sandlin v. Criminal Justice Standards and Training Commission, 531 So.2d 1344 (Fla. 1998 [1988]).
First, there is conflict among the states as to whether sexual offender registration and notification requirements violate a defendant's right to privacy. However, the statutory requirements for sexual offender determination of the States differ and the sexual offender statutes of some of the states that have found a constitutional violation can be distinguished from Florida.
This court reconciles the conflicting holdings of the states by determining that each registration and notification statute must be viewed individually to determine whether any particular state's requirements improperly violate an individual's right to privacy. As such, a review of Florida's statute reveals differences between it and the Ohio and Massachusetts statutes. With regard to applicability of these holdings to the defendant's case, this Court finds Florida's Sexual Offender Statute is distinguishable from the Ohio and the Massachusetts statutes which are relied on by the defendant in support of his challenge.
In Doe v. Attorney General, the Massachusetts Supreme Court held that the Massachusetts registration and notification requirements of their sex offender act are unconstitutional as applied to the defendant in the absence of either an individualized hearing to determine whether the offender is a present threat to children because of the likelihood that he will reoffend or the promulgation of regulations identifying with particularity as to offender and offense the fit between the remedial measure sought by the registration and the danger to be averted. Doe v. Attorney General, [430 Mass. 155,] 715 N.E.2d 37 (1999). In addition, the Ohio District Court ruled that a similar statute's registration requirements and notification provisions violate the defendant's right to privacy. See State v. Daniel Williams, 1999 WL 76633 (Ohio App. 11 Dist., No. 97-L-191, January 29, 1999)
Initially, unlike Florida, the Ohio Court opined that the Ohio statute requires all persons who commit any type of sex offense, whether it is a misdemeanor offense such as pandering sexual oriented matter involving a child victim, or a much more serious felony offense, all are treated the same for registration and notification purposes. Williams, supra. Dissimilarly, the Florida statute's criteria requires the qualifying offense to be a felony and the sexual offender must be a person who has been *86 convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: § 787.025; chapter 794; § 796.03; § 800.04; § 825.1025; § 827.071; § 847.0133; 847.0135; § 847.0145; or any similar offense committed in this state which has been redesigned from a former statute number to one of those listed in this subparagraph. § 943.0435, Fla. Stat. (1999). In light of this difference, this Court finds that the Florida Statute is more narrowly tailored than the Ohio Statute, affording more protection to individuals. Moreover, Williams is currently pending on appeal and the dissent in Williams opines that, although the Ohio Supreme Court has not yet addressed the issue of whether their sexual predator statute violates the constitution with regard to privacy, "the court has sent a strong indication of the statute's constitutionality in its unanimous opinion in Cook."[3]See Williams, supra, dissent, at 12. In addition, several recent Ohio cases are in disagreement with Williams, finding that the Ohio Sexual Offender Statute is constitutional, i.e., specifically, there is no infringement upon privacy rights. See State v. Woodburn, 1999 WL 167848 (Ohio App. 7 Dist. Mar 23, 1999); State v. Marker, 1999 WL 692410 (Ohio App. 3 Dist. Sep.1, 1999); State v. Webb, 1999 WL 693162 (Ohio App. 3 Dist. Oct 20, [Sept. 2,] 1999).
Similar to Ohio, the Massachusetts sexual offender statute also applies to all offenders regardless of whether the offense committed was a misdemeanor or felony and can thus be distinguished from Florida's statute.[4] In the Massachusetts case, which the Defendant relies on most heavily in support of his claim, offenders are classified by level. The Defendant in that case was a juvenile at the time of his offenses and was classified as a level 1, which is the least likely offender to pose a continuing threat to the public. As such, because of the all inclusiveness of the statute, encompassing misdemeanors as well as felonies, the Massachusetts procedural safeguard that classifies offenders as to level, requires individualized hearings. In particular, the Massachusetts Supreme Court has determined that "level one offenders have liberty and privacy interests protected by the state constitution, which is implicated by the requirement that he register, disclosure of his accumulated personal information on request, and statutory branding of him as a public danger." Doe, supra. Significantly, the Court in Doe opined that "[s]ituations may exist, however, where the danger to be prevented is grave, and the risk of reoffense great, such that the promulgation of regulations narrowly tailored to allow for automatic registration *87 may clarify and simplify the enforcement of the sex offender registration act in a manner that comports with procedural due process." Id. Consequently, the Massachusetts Supreme Court has not precluded the possibility of automatic registration and notification.
Unlike Ohio and Massachusetts, Florida case law has not had occasion to specifically address whether the privacy right with regard to the sexual offender registration and notification requirement is implicated, although it has addressed various other constitutional claims with regard to sexual offender registration and found them to be without merit; however, Federal case law has addressed this issue and has found with regard to a number of similar state sexual offender statutes that the right to privacy is not violated by requiring sexual predator registration and notification. In Paul v. Verniero, 170 F.3d 396 (3d Cir.1999), the Court held that Megan's Law does not violate the constitutional right to privacy, either by requiring disclosure of home addresses or on ground that required disclosures may place a strain on offenders' family relationships. Though home addresses are entitled to some privacy protection, the New Jersey statute which provides a system of registration and community notification as to certain sex offenders (Megan's Law) does not violate the constitutional right to privacy by requiring disclosure of home addresses since the government's interest in preventing sex offenses is compelling, and the privacy interest is outweighed by the public interest in knowing where prior sex offenders live so that susceptible individuals can be appropriately cautioned. Id. Similarly, in Lanni v. Engler, 994 F.Supp. 849 (E.D.Mich.1998), the Court found that a convicted sex offender registration and community notification statute did not violate parolee's constitutional right to privacy, notwithstanding the contention that notification would damage his reputation and employment prospects; information made public by statute was already a matter of public record.[5]See also People of the State of California v. Mills, 81 Cal.App.3d 171, 146 Cal.Rptr. 411 (1978) (statute requiring registration of enumerated sex offenders, including defendant, was not unconstitutional on ground that it constituted cruel and unusual punishment, that it violated equal protection clause or that it impinged on his constitutional right to travel and right to privacy); Arizona Dept. of Public Safety v. Superior Court of the State of Arizona, 949 P.2d 983, 190 Ariz. 490, 257 Ariz. Adv. Rep. 14 (1997)(Persons who have been convicted of committing a sex offense have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government); Russel [Russell] v. Gregoire, 124 F.3d 1079 (11th Cir.1996 [9th Cir.]), 97 Cal. Daily Op. Serv. 7137.
Analogous to the cited Federal cases, the legislative intent of the Florida Sexual Offender notification and registration requirement is not intended to be punitive, but is designed to be remedial in nature by protecting the public from sexual offenders and protecting children from sexual activity and the information collected and disseminated as a result of sexual offender status is public information *88 to which the public is entitled to access.[6]See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998).[7] Moreover, not only is the Florida Statute more narrowly tailored than the laws of Ohio and Massachusetts by limiting offender status to felons, but, the Florida registration requirement unlike Ohio and Massachusetts only requires a registered defendant to reregister if he/she moves from his/her residence of record and when motor vehicle licensing is renewed. In Ohio, R.C. 2950.06(B)(1) requires sexual "predators" to verify their current residence every ninety days.[8] Thus, the Florida statute is procedurally less onerous on a defendant than its Ohio and Massachusetts counterparts.
In conclusion, in light of the Florida Legislature's intent and the actual procedure implemented with regard to registration, and contrary to the defendant's contention, the sexual offender notification and registration requirements do provide a correspondingly worthwhile benefit to public safety which satisfies the "compelling state interest". Moreover, the procedure set forth by the statute is the least intrusive means to prevent the risk and danger it was designed to prevent. See Hillsborough County G.E.A.[ v. Hillsborough County Aviation Authority], 522 So.2d [358,] at 362 (Fla.1988); Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544, 547 (Fla.1985) ("The right of privacy is a fundamental right which we believe demands the compelling state interest standard. This test shifts the burden of proof to the state to justify an intrusion on privacy"). Thus, this Court finds that the State has shown that Florida's Sexual Offender notification and *89 registration requirements satisfy a compelling state interest and are the least intrusive method to accomplish the goal. Consequently, Florida's Sexual Offender designation and corresponding sanctions are constitutional and the defendant's motion is denied.
As for the defendant's assertion that the Sexual Offender Registration and Notification Statute violates his due process rights under Article 1, Section IX and basic rights as guaranteed under Article I, Section II, this Court finds that the defendant's claim is without merit. The registration and notification requirements of the statute are procedural requirements that are regulatory and not penal in nature and there is no indication in the statute of an intent to punish a defendant. Analogously, as was determined with regard to the Sexual Predator Statute by the Court in Collie, "the registration requirements imposed on sexual predators do not constitute an affirmative disability or restraint. The offender is not restricted in his movements into or out of a community and is required only to provide a package of information to the appropriate authorities. Moreover, the registration does not affirmatively place limitations on the offender's activities." Collie, supra.

In addition, procedural due process is limited to situations involving deprivations of life, liberty or property. The defendant has not demonstrated that he will be denied any of those rights due to compliance with the registration and notification statute. In Collie v. State, supra, at 1012, the district court determined that the sexual predator notification and registration statute, which is more restrictive than the sexual offender statute which is implicated in this case[9], did not violate the defendant's due process right, as the registration and notification requirements do not deprive a defendant of his life or property. Moreover, although the Sexual Predator statute restricts employment, the defendant in that case failed to demonstrate or allege that he would be prohibited from seeking certain employment due to the sexual predator designation; thus, there was no due process violation found in that case. Similarly, this Court finds that the defendant in this case is not denied his right to life, liberty or property by being designated a Sexual Offender. Consequently, the defendant is not denied his rights under Article I, Sections II and IX of the Florida Constitution due to the registration and notification requirements of § 943.0435, Fla. Stat. (1999).
AFFIRMED.
COBB, J., concurs.
THOMPSON, C.J., concurs in result only.

ON MOTION FOR CLARIFICATION
PLEUS, J.
Tyjuan Johnson filed a Motion for Clarification asking this court to explain the statement contained in its opinion that he abandoned his right to privacy argument. This court reached that conclusion because, even if his Initial and Reply Briefs can, in any manner, be construed to have raised the issue, the argument was not developed. The Committee Notes to *90 Florida Rule of Appellate Procedure 9.210 pertaining to Briefs provide the following:
... The abolition of assignments of error requires that counsel be vigilant in specifying for the court the errors committed; that greater attention be given the formulation of questions presented; and that counsel comply with subdivision (b)(5) by setting forth the precise relief sought....
[Emphasis supplied]. This court does not read minds. The relief sought on appeal in this case is "an individualized hearing to evaluate the need and suitability for sexual offender designation and notification provisions." As this court reads Johnson's Initial and Reply Briefs, the argument contained therein was directed at providing support for the requested relief. If Johnson intended to raise a right to privacy argument, it was unclear. This court would caution litigants to develop those arguments which they wish considered and reviewed. Regardless of whether Johnson raised a right to privacy argument, the overall result in this case remains unchanged. We grant the motion for clarification and reaffirm our adoption of the written opinion of Judge Shawn L. Briese as the opinion of this court.
MOTION FOR CLARIFICATION GRANTED.
THOMPSON, C.J., and COBB, J., concur.
NOTES
[1] The trial court granted the state's motion to strike that portion of the motion challenging the constitutionality of the Sexual Predator Act for lack of standing.
[2] Johnson has abandoned this latter argument on appeal.
[3] State v. Cook, 83 Ohio St.3d 404, 409 (1998), 700 N.E.2d 570.
[4] Doe opined "the Commonwealth sought to demonstrate that there are high recidivism rates for all of the subcategories of offenders who have engaged in one of the various conducts that supports conviction under G.L. c. 265, § 23." It is not clear, for example, that the Commonwealth's use of the term "child molester" refers to an individual adjudicated delinquent by reason of G.L. c. 265, § 23, based on sexual experimentation with an underage peer. Because we can envision situations, some of which we have suggested, where the risk of reoffense by one convicted under G.L. c. 265 § 23, may be minimal and the present danger of that person to children not significant, the general legislative category does not adequately specify offenders by risk so as to warrant automatic registration of every person convicted under that statute. Doe, 430 Mass. 155, 715 N.E.2d 37.
[5] See Fraternal Order of Police, 812 F.2d at 117 (holding that "arrest records are not entitled to privacy protection" because they are public); Cline v. Rogers, 87 F.3d 176, 179 (6th Cir.) (holding that "there is no constitutional right to privacy in one's criminal record" because "arrest and conviction information are matters of public record").
[6] The Florida Supreme Court has previously held that the sexual predator designation and corresponding requirements do not violate the prohibition against double jeopardy, nor do they violate the ex post facto clause. See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998) ([r]egistration requirements imposed on sexual predators were not so punitive as to negate legislature's clearly nonpunitive intent, and therefore did not violate prohibition against double jeopardy; offender was not restricted in his movements into or out of a community, registration was not a historical form of punishment, but merely organized sexual predator's biographical information into data bank for use by law enforcement, registration was intended to regulate conduct of violent sex offenders, registration was not rationally connected to any alternative purpose, and registration was not excessive in relation to its intended purposes of reducing incidences of sexual predatory behavior and protecting the public). See also Rickman v. State, 714 So.2d 538 (Fla. 5th DCA 1998) (Registration requirements of Florida Sexual Predators Act were procedural and regulatory in nature, and, therefore, did not constitute "punishment" in violation of ex post facto clause).
[7] In Collie, the Court opined:

[U]nder the 1996 Act, the only offenders who are subjected to any form of community and public notification, retrospectively, are those offenders whose current offenses were committed between October 1, 1995, and July 1, 1996. Collie is not included in this category, but as to those offenders who are, section 775.21(4)(b)2, Florida Statutes (Supp.1996), provides that community and public notification will be governed by the former section 775.225, Florida Statutes (1995). The public disclosure permitted under section 775.225 was limited to "certain" sexual predators who were determined to be a "threat to the public" after notice and a hearing. Therefore, we conclude that the procedural safeguards built into section 775.225, Florida Statutes (1995), lessen the overall impact of community and public notification to such an extent that it too cannot be considered a historical form of punishment.
[8] The Ohio District Court found that the personal appearance provisions of R.C. 2950.06(c) relating to verification unreasonably interfere with the liberty of the individual beyond the necessities of the situation. Williams, supra, at pg. 7.
[9] The Sexual Predator statute unlike the Sexual Offender statute restricts the employment of a sexual predator by precluding them from employment or volunteer work in a school, day care center, park, playground, or any other place where children congregate. See § 775.21(10)(b), Fla. Stat. (1999).