804 So.2d 336 (2001)
STATE of Florida, Appellant,
v.
Eugene Michael BYARS, Appellee.
No. 4D00-2812.
District Court of Appeal of Florida, Fourth District.
July 11, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant *337 Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellee.
Prior report: 792 So.2d 1235.
WARNER, J.
The state appeals the dismissal of a count of armed burglary of an occupied structure with an assault or battery which the trial court dismissed based upon Miller v. State, 733 So.2d 955 (Fla.1998). Miller held that where a defendant can establish that the premises were open to the public, as provided in the statute, it is a complete defense to the charge of burglary. 733 So.2d at 957. Because the premises where appellee allegedly committed the murder were open to the public, even though he was prevented by a domestic violence injunction from entering the store, we are compelled to affirm on the authority of Miller.
Appellee was prevented by a domestic violence injunction from coming into the consignment store where the victim, Ms. Kincaid, worked. Despite the injunction, on the morning of September 17, 1998, appellee allegedly killed Ms. Kincaid in the store. The state charged appellee with first degree murder and armed burglary of an occupied structure with an assault/battery, along with other lesser charges. Appellee moved to dismiss the burglary charge on the basis of Miller. The court dismissed the charge, and the state appeals.
Section 810.02(1), Florida Statutes (1999), defines burglary as follows: "`Burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." (Emphasis added). In Miller, the supreme court held that "if a defendant can establish that the premises were open to the public, then this is a complete defense." 733 So.2d at 957. See also Johnson v. State, 786 So.2d 1162 (Fla.2001); State v. Butler, 735 So.2d 481 (Fla.1999); Franklin v. State, 750 So.2d 63 (Fla. 4th DCA 1999)(reaffirming and applying the holding in Miller). The court went on to add that "[w]hether or not consent may have been withdrawn ... is not an issue. The only relevant question is whether the premises were open to the public at the time the defendant entered or remained with the intent to commit an offense therein." Miller, 733 So.2d at 957. The court quoted the following excerpt from the first district's decision in Collett v. State, 676 So.2d 1046, 1047 (Fla. 1st DCA 1996):
[T]he fact that persons with criminal intent have not been given permission to enter has no effect on whether premises are open to the public. Otherwise, every time a person entered a structure that was open to the public with the intent to commit a crime, the person would have committed a burglarya result directly in conflict with the express language of section 810.02(1).
In this case, appellee entered a retail store while the store was open to the public for business. At the time, there was an injunction preventing appellee from having any contact with Ms. Kincaid or going to her place of employment (the store). Under these facts, the burglary charge was properly dismissed because the fact that the store was open to the public was "a complete defense" to the burglary charge. Miller, 733 So.2d at 957.
The state attempts to distinguish Miller on the ground that in Miller consent was originally presumed but then withdrawn when the defendant sought to *338 commit a crime, whereas in the instant case appellee never had permission to enter because of the domestic violence injunction. Nevertheless, the court's language in Miller describing the bright-line rule is unequivocal: "The only relevant question is whether the premises were open to the public at the time the defendant entered or remained with the intent to commit an offense therein." 733 So.2d at 957 (emphasis added). The court purposefully created this bright-line rule because anything less would create "a result directly in conflict with the express language of section 810.02(1)." Id.
While this may seem an untoward result in this case, to construe the statute in the way advocated by the state would require us to disregard some of the statutory language and add words to the statute that the legislature did not include. In construing a statute, courts must follow what the legislature has written and neither add, subtract, nor distort the words written. See 62 Cases More or Less, Each Containing Six Jars of Jam v. U.S., 340 U.S. 593, 596, 71 S.Ct. 515, 95 L.Ed. 566 (1951); Donato v. American Tel. & Tel. Co., 767 So.2d 1146, 1150-51 (Fla.2000)(a court abrogates legislative power when it construes "an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications."); Johnson v. State, 795 So.2d 82 (Fla. 5th DCA 2000), as clarified by, 795 So.2d at 89. The state would be well advised to address this issue to the legislature.
Affirmed.
STEVENSON, J., concurs.
HAZOURI, J., dissents with opinion.
HAZOURI, J., dissenting.
I respectfully dissent. I agree with the state's argument that the facts in the instant case are distinguishable from Miller. There is a significant difference between withdrawing consent once a person enters a place that is open to the public and a prior restraining order prohibiting entry in the first place. If the majority's reasoning is followed to its logical conclusion, then even if the shop owner had been standing in front of the store holding a sign stating that appellee was prohibited from entering the store, a burglary could not be committed. I cannot accept that our supreme court intended this result from its holding in Miller and, therefore, must dissent.