ALTENBERND, Judge.
Carl Sheppard appeals his sexual predator designation. Mr. Sheppard has made numerous unsuccessful attempts to supplement the record with the transcript from his sexual predator designation hearing. This transcript, however, is not needed for us to reach our decision. We affirm.
Mr. Sheppard was convicted of the first-degree felony of sexual battery in violation of section 794.011(8)(b), Florida Statutes (2002). Mr. Sheppard’s conviction for this offense required that he be designated as a sexual predator under section 775.21(4)(a)(l)(a), Florida Statutes (2002). See § 775.21(4)(a)(l)(a), Fla. Stat. (2002);[1] see also Kelly v. State, 795 So.2d 135, 137 (Fla. 5th DCA 2001) (holding that the “[Sexual Predator] Act is mandatory and affords no discretion to the trial judge to designate an individual a sexual predator if the statutory criteria are established”). Thus, Mr. Sheppard’s sexual predator designation was properly imposed and the transcript from the designation hearing was unnecessary for his appeal.
Mr. Sheppard’s sole argument on appeal is that his sexual predator designation violates double jeopardy. This argument has been expressly rejected. See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998); see also Macias v. State, 708 So.2d 1044 (Fla. 4th DCA 1998). We note that Collie acknowledged that the retrospective application of employment restrictions applicable to sexual predators might form the basis for a double jeopardy challenge because “the employment restrictions appear to be punitive in nature as they severely restrict the offender’s constitutional right to pursue a lawful occupation.” Collie, 710 So.2d at 1010 n. 8. Footnote 8 to the Collie opinion could better explain this theory, but it appears that this court was limiting its concern to a retroactive application of the employment restrictions of section 775.21(9)(b), Florida Statutes (Supp.1996), to the defendant in that ease. This court has not declared that it would be a double jeopardy violation for these employment restrictions to be prospectively applied.
Mr. Sheppard has failed to argue that he has either been refused employment in a specified capacity or that he was charged with a third-degree felony under section 775.21(10)(b) for employment he obtained in violation of the restrictions. See Collie, *1261 710 So.2d at 1012 (finding no due process violation where Collie failed to argue that he was prohibited certain employment); see also Johnson v. State, 795 So.2d 82, 89 (Fla. 5th DCA 2001). Moreover, he is not arguing a retrospective application of this statute. As a practical matter, Mr. Sheppard is serving a twenty-year prison term and will not be eligible for employment for many years.
Affirmed.
SILBERMAN and WALLACE, JJ., Concur.

. Section 775.21(4)(a) provides:
(a) For a current offense committed on or after October 1, 1993, upon conviction, an offender shall be designated as a "sexual predator” under subsection (5), and be subject to registration under subsection (6) and community and public notification under subsection (7) if:
1. The felony is:
a. A capital, life, or first-degree violation ... of chapter 794....